UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

In re: ) Case No. 10-16084
)
THIN T. DUONG and ) Chapter 13
SANG T. PHAM, )
) Judge Pat E. Morgenstern-Clarren
Debtors. )
) **MEMORANDUM OF OPINION AND**
) **ORDER**

On October 27, 2010, this court entered an interlocutory order cautioning Home Loan Services, Inc. (Home Loan) to take steps to ensure that documents filed in this court are filed by the correct entities and that accurate loan servicer relationships are disclosed.[1] Home Loan was ordered to file an affidavit identifying the steps taken to that end, and the hearing was adjourned to January 4, 2011.

(1) Home Loan; (2) BAC Home Loans Servicing, L.P. (BAC); and (3) U.S. Bank, National Association, as successor trustee to Bank of America, N.A., as successor by merger to LaSalle Bank, N.A. as Trustee for Merrill Lynch First Franklin Mortgage Loan Trust Mortgage Loan Asset-Backed Certificates, Series 2007-2 (U.S. Bank) are seeking leave to appeal that interim decision, and have requested a stay from this court pending appeal.[2] As discussed below, the motion for stay by Home Loan and its successor BAC is granted because no harm will come to any other party if the matter is stayed. The motion is denied as to U.S. Bank because it is not a party to the order.

---

[1] Docket 54.

[2] Docket 69.

## THE ORDER

The filing of deficient pleadings in cases pending before this court has been a recurrent problem; this court has communicated its expectations and provided guidance on that issue, particularly in the context of motions for relief from stay.[3] On October 13, 2010, the court ordered Home Loan to appear and show cause why it should not be sanctioned for filing a document in this case.[4] *See* 11 U.S.C. § 105(a); FED. R. BANKR. P. 9011(c)(1)(B). Specifically, Home Loan filed an objection to the debtors' chapter 13 plan, stating that it was a secured creditor and held a lien on the debtors' property, which appeared to this court to have no apparent basis in law or fact. Attorney Rachel Pearson, who filed the objection, and Brian Kusich, Home Loan Vice President and Default Operations Manager, appeared on October 26, 2010 in response to the court's order and acknowledged that the objection had been filed in the name of the wrong entity. They also responded to the court's questions about two other documents in the case which raised similar concerns.

Following the hearing, the court entered an order directing Nanette Stevens, the General Manager of Home Loan, to file an affidavit identifying the steps taken: "(1) to ensure that accurate information regarding the identity of creditors and servicers is provided in documents filed in bankruptcy cases; and (2) to educate and monitor its employees with respect to these issues." The affidavit was to be filed by December 27, 2010, either by Home Loan or its

---

[3] *See* the court's memorandum of February 12, 2008, July 9, 2008, and February 12, 2009 on the court's website at www.ohnb.uscourts.gov. In addition to being posted, these memos were sent by email "blast" to all attorneys registered to file documents with the United States Bankruptcy Court for the Northern District of Ohio.

[4] Docket 40.

successor BAC, with the hearing adjourned to January 4, 2011 for the court to determine whether further action or hearing was appropriate.

## DISCUSSION

Bankruptcy Rule 8005 provides in relevant part that:

> A motion for a stay of the judgment, order, or decree of a bankruptcy judge . . . must ordinarily be presented to the bankruptcy judge in the first instance. Notwithstanding Rule 7062 but subject to the power of the district court and the bankruptcy appellate panel reserved hereinafter, the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest. . . .

FED. R. BANKR. P. 8005.

The standards governing a motion for stay pending appeal under Rule 8005 are the same as those governing an application for preliminary injunctive relief. *Sicherman v. Ohio Rehab. Servs. Comm. (In re Dial Industries, Inc.)*, 137 B.R. 247, 249 (Bankr. N.D. Ohio 1992). These four factors are to be considered and balanced:

(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal;

(2) the likelihood that the party seeking the stay will be irreparably harmed absent a stay;

(3) the prospect that others will be harmed if the court grants the stay; and

(4) the public interest in granting the stay.

*Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991). "These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together." *Id.*

### Are the movants likely to prevail on appeal?

Under *Griepentrog,* the party asking for the stay "must ordinarily demonstrate . . . that there is a likelihood of reversal." *Griepentrog,* 945 F.2d at 153. The movants argue here that there are several issues supporting their appeal, including due process concerns, that the October 27, 2010 order is vague, that the order is based on a faulty record, and that the court abused its discretion. These arguments, however, misperceive and mischaracterize the court's order as one imposing an injunction and sanctions. Although this court clearly has authority to impose an injunction and to sanction parties and attorneys for improper conduct, *see Mapother & Mapother, P.S.C. v. Cooper (In re Downs)*, 103 F.3d 472, 477-78 (6th Cir. 1996), the order on appeal did neither. Rather, the order was intended to allow Home Loan to provide information to the court which would negate the need to pursue such action. Consequently, the arguments made by the movants do not convince this court that there is a likelihood of success on appeal. While it is always possible that a reviewing court will reach a different conclusion, this court concludes that the movants have not made the minimum showing that their appeal raises "serious questions going to the merits." *Griepentrog*, 945 F.2d at 154 (quotation marks and citation omitted).

This factor does not favor granting a stay pending appeal.

### Will the movants suffer irreparable harm without a stay?

The movants argue that they will suffer irreparable harm if they have to file the affidavit because they will have to spend time and money which they will be unable to recoup if they are

successful on appeal. Injury under this factor is evaluated in terms of its substantiality, the likelihood it will occur, and the proof provided by the movant. *Id.* "'Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of stay, are not enough.'" *Id.* (quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1974)). Under *Griepentrog*, therefore, this factor does not weigh in favor of a stay.

### Will others be harmed if a stay is granted?

The movants argue that others will not be harmed by a stay. As the debtors' chapter 13 case will go forward on all other issues, a stay on this issue will not harm the debtors or any other entity. This factor weighs in favor of granting a stay.

### Is a stay in the public interest?

The movants argue that a stay will prevent their appeal from becoming moot and will preserve the confidentiality of communications related to their monitoring system. These allegations do not establish any significant public interest in this matter. If the movants have trade secret or other legally protected confidentiality issues, they can raise them in connection with the filing of the affidavit. The court, therefore, finds that this factor is neutral regarding granting a stay.

### CONCLUSION

On balance of all relevant factors, the court concludes:

As to Home Loan Services, Inc. and its successor BAC Home Loans Servicing, L.P., the motion for a stay is granted because the order on appeal does not involve or impact other parties.

The motion is denied as to U.S. Bank, National Association, as successor trustee to Bank of America, N.A., as successor by merger to LaSalle Bank, N.A. as Trustee for Merrill Lynch

First Franklin Mortgage Loan Trust Mortgage Loan Asset-Backed Certificates, Series 2007-2 because it is not a party to the order.

    IT IS SO ORDERED.

/s/ Pat E. Morgenstern-Clarren
_____
Pat E. Morgenstern-Clarren
United States Bankruptcy Judge